**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Allan L. D'HONAU, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Gordon M. COPP, Defendant-Appellant.**

**Nos. 71–1381, 71–1418.**

United States Court of Appeals,
Ninth Circuit.

April 14, 1972.

Sull Lawrence (argued), Beverly Hills, Cal., for Allan L. D'Honau.

Leslie A. Kast, West Covina, Cal., for Gordon M. Copp.

Gregory C. Glynn, Asst. U. S. Atty., (argued), Eric A. Nobles, Richard L. Jaeger, Asst. U. S. Attys., Robert L. Meyers, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MERRILL and HUFSTEDLER, Circuit Judges.

BARNES, Circuit Judge:

Defendants were charged with a third defendant, Carrano, in a 27-count indictment with conspiracy (Count One) and substantive counts of violation of the Security Exchange Act of 1934 and federal mail and wire fraud statutes. The two appeals arise under the same set of facts and have the same record. This brief factual statement applies to both cases.

Copp and D'Honau dealt with the common stock and "5% Adjustment Preferred" of Eastern Massachusetts Street Railway Company, a corporation. These defendants and others whom the government charges conspired with them, bought a large amount of stock between July 10, 1967 and August 2, 1967. Many of the purchases for this stock were made on delayed-payment arrangements (herein called P.O.D.) and were never paid for. This activity caused the market price of the stock to rise. Government exhibits indicate that on a number of occasions the various members of the alleged conspiracy bought and sold at the same time.

Appellant D'Honau did not pay for any of the stock he ordered. Copp paid for his stock, then sold at a profit of approximately $18,000.00.

On July 31, 1967, an advertisement was placed in the Wall Street Journal stating that the Great American Holding Company intended to purchase East-

ern's common stock. In fact, there was no such Holding Company, and the government charges that Copp drafted this advertisement and caused William T. Hardison, a witness for the government, to place it. It appears that Copp had 25 years experience in the securities business, and was an expert. D'Honau had very little experience, and whether an expert or not, he gave advice as such an expert (specifically to witnesses Van Huisen, Kassell, Carrano, Gossett, et al.).

The indictment was filed against Copp, D'Honau, and Carrano on April 27, 1970. Not all defendants were charged in each count. The government later dismissed several of the counts. Carrano changed his plea to guilty at the start of the trial and William T. Hardison, who was named as a co-conspirator but not charged, testified for the prosecution.

Copp and D'Honau were found guilty after a court trial. Additional facts will be discussed below as they pertain to the arguments.

*I. United States v. Copp, No. 71–1418*

■ Appellant's first and second assignments of error apply to Counts One, Seventeen, Twenty-three, Twenty-four and Twenty-seven. Under the first assignment of error, appellant argues that it was plain error for the trial court not to inquire at the sentencing stage as to whether appellant could prove that he had no knowledge of 17 C.F.R. 240:10 b–5 ("Employment of Manipulative and Deceptive Invoices") under which he was convicted. Appellant cites 15 U.S.C. 78ff(a) as making this inquiry necessary.

Under Appellant's second assignment of error, he contends that he was denied the effective right of counsel at his sentencing stage. His argument runs something like this: (1) appellant had a right to counsel at the sentencing stage; (2) counsel means effective counsel; (3) effective counsel would have raised the issue of knowledge of the regulation; (4) appellant's counsel did not

raise the issue; therefore, appellant was denied the right to counsel.

■ The pertinent part of 15 U.S.C. § 78ff(a) reads:

". . . but no person shall be subject to imprisonment under this section for the violation of any rule or regulation *if he proves* that he had no knowledge of such rule or regulation." [Emphasis added.]

This provision clearly puts the burden of proving lack of knowledge upon the defendant. This issue was never raised by the defendant at the sentencing stage, or at the trial, though the defendant testified. There was no duty on the part of the prosecution to raise it. United States v. Lilley, 291 F.Supp. 989, 991, et seq., particularly p. 992 (1968). (S.D.Texas)

Appellant was experienced in the stock market; it is a remote possibility that he did not know the actions prohibited by 17 C.F.R. 240.10b–5 were contrary to law. This would seem to be a frivolous argument for his counsel to raise, let alone to attempt to prove. Appellant's conclusion that because his counsel did not raise the question he was ineffective is a non-sequitur. His first two assignments of error are without merit.

■ In his third assignment of error, appellant Copp contends that it was error not to grant his motion for mistrial when his co-defendant, Carrano, changed his plea to guilty at the start of the trial. Appellant cites no authority for his position that such a plea requires a mistrial in a non-jury trial. The one case cited (United States v. Kelly, 349 F.2d 720, at p. 767 (2 Cir.)), was a jury case where the plea of a co-defendant was taken *outside* the presence of the jury. The language used by Judge Medina is first, *dicta;* and second, bears no relation to the facts of this case. No reason exists to declare a mistrial in this situation, particularly where there was no jury which could have been prejudiced.

■■ Appellant's fourth and last assignment of error is insufficient *"di-*

*rect"* evidence to sustain his conviction on Counts One, Two, Ten, Seventeen, Twenty-three, Twenty-four and Twenty-seven. Reading the briefs in this case convinces us that it cannot be said that the trier of fact erred, as a matter of law. There was sufficient circumstantial evidence to convict, and that is as compelling as *"direct"* evidence. Appellant argues that it is inconsistent with a conspiracy that one appellant made money on the scheme, while everyone else lost. This might prove that the appellant Copp was more experienced, and perhaps "smarter", than the others; and nothing more.

The conviction of appellant Copp is affirmed.

## II. *United States v. D'Honau, No. 71-1381*

 Appellant D'Honau's brief simply argues that there was insufficient evidence to convict him on all counts. Appellant's argument goes to his lack of knowledge and attempts to put the entire blame on his co-defendant, Copp. While it may be that the scheme originated with Copp, there is ample and sufficient evidence that D'Honau was Copp's willing assistant to sustain conviction. (See appellee's brief, pp. 23-32, with particular reference to the Reporter's Transcript therein mentioned.)

Appellant argues that if he had been part of the conspiracy, he would not have lost money. This is surely no defense to the substantive counts. D'Honau's mistake was in trusting his co-conspirator, Copp. All that D'Honau has proven is that in his case, crime did not pay.

Appellant argues that there was insufficient evidence to show that he participated in artificially raising the price of the stock. There was evidence, however, that D'Honau recruited purchasers for the stock and assisted them in purchasing it by the P.O.D. method.

Appellant argues that there was no *"direct"* evidence that he "devised or intended to devise a scheme to defraud by false or fraudulent representations." Sufficient evidence exists, as cited in Appellee's brief, to refute this argument.

The conviction of each appellant is affirmed.